## Elisha D. Eames, v. Lucy C. Eames, Adm'rx of Lovett Eames.

*Specific performance: Sale of patent right.* Complainant bought at auction sale an interest in a patent right, with full notice that the purchase was subject to certain liens and incumbrances. No such conveyance, however, had been made to the incumbrancers as would vest in them a legal title under the patent laws. In a bill for specific performance, complainant claimed that defendant should execute an absolute assignment of the entire interest in said patent.

*Held,* that, whether the sale was properly made subject to these equities or not, the bidders so understood it, and the purchaser could not rightly obtain more than he had bought, and that as the purchase was subject to the rights of third parties, he must take his transfer in that form. The defendant could not have equitably conveyed the entire interest without providing some safeguards for such equities as existed, and the court will not permit complainant to obtain unconscientious advantages which must lead to further litigation.

*Heard January 9th. Decided January 13th.*

Appeal in Chancery from Kalamazoo Circuit.

The bill in this cause was filed to compel the specific performance of an alleged contract of sale at auction of certain patents.

The case was heard on the pleadings and proofs, and the bill was dismissed.

The facts are stated in the opinion.

*May & Buck,* for complainant.

1. A court of equity has jurisdiction to decree the specific performance of a contract relating to personal property, where the party injured by the failure to perform such contract can have no adequate remedy at law. — *Story Eq. Jur.* § 712 *to* § 742. In this case, owing to the peculiar nature of the subject matter of the sale, there could be no adequate compensation in damages for the failure of the vendor to convey the property sold to the vendee.

As regards the alleged assignments to other parties, neither ·of them were recorded in the patent office; consequently, if Moses Eames & Morgan were parties to this suit,

these assignments could not be made the foundation of a claim or a ground of defense. — 1 *Story,* 273.

*J. D. Burns,* for defendant.

The complainant purchased the patents, subject to certain liens, of which he had full notice.

He cannot claim more than he bought.

When a party seeking a specific performance of a contract, insists upon obtaining an unconscionable advantage, equity will dismiss his bill. — 2 *Hamm.* 18; 2 *Blackf.* 431; 1 *Smith's Ch. Prac.* 489; *Fry on Spec. Perf.* 99; § 203 *and note.*

CAMPBELL J.

Complainant filed his bill to enforce, specifically, an auction sale of an interest in certain patents, belonging to the assets of the decedent, Lovett Eames, which complainant alleges he purchased for one thousand dollars, and which he alleges the defendant refuses to convey to him except subject to certain mortgages, liens and claims, held or pretended to be held by E. W. Morgan, which complainant asserts are not real encumbrances or rights. The bill calls for an answer under oath.

The answer sets up these several claims and encumbrances, and that on the sale, and before the property was offered to bidders, full notice was given of their existence, and that the sale would be subject to them, and must be so accepted. The testimony shows very clearly that such a notice was given, and that complainant had full knowledge of it; and there is also proof upon the rights of the various encumbrancers, but, as they are not made defendants, there is no occasion to consider these in detail.

We think the bill was properly dismissed as entirely barren of equity. Complainant can have no right to claim any more than he purchased, whether the administratrix

was right or wrong in making a sale, upon such representations. The interest, as represented on the sale was but a partial one, and subject even then to heavy encumbrances. It must be assumed that all bidders acted upon that supposition, and that the property would have sold for very much more had it stood in any better position. If complainant obtained it under such circumstances, and should now be allowed to get a different title, it would be allowing him an inequitable advantage over the estate as well as over other bidders.

It would seem, from the testimony, that while the rights of Mr. Morgan are apparently valid, he has never received such a conveyance as is required by the patent laws to make his title valid at law.

An unrestricted conveyance to complainant would vest in him such a legal title as would put it in his power to embarrass, if not farther to affect the rights of Morgan, and would tend to provoke litigation and further injustice and fraud. The administratrix could not equitably have conveyed the entire title without providing some safeguards for these equities, and her course on the sale appears to have been fairly designed to do this. At all events, the complainant has no right to ask to be put into any position which will give him such unconscientious advantages beyond those he had a right to expect when he purchased.

The decree should be affirmed, with costs.

The other justices concurred.